UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

Docket No. 05-CV-10464PBS

TIMOTHY M. BROWDER,
    Plaintiff

v.

NATIONAL FINANCIAL SYSTEMS, INC.,
    Defendant

## NATIONAL FINANCIAL SYSTEMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Pursuant to Fed. R. Civ. P. 12(a), the defendant National Financial Systems, Inc. ("NFS") answers the allegations of the plaintiff Timothy M. Browder ("Browder") as follows:

### First Defense

1. NFS admits that Browder ("Plaintiff") purports to state a claim against NFS and seeks relief under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). NFS denies that it violated the FDCPA, denies that Plaintiff is entitled to relief under the FDCPA, and denies the remaining allegations contained in this paragraph.

2. NFS admits that this Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

3. NFS admits that venue and personal jurisdiction over NFS in this district is proper. NFS is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 3.a, and therefore denies the same. NFS admits that it has offices in this

District. Defendant admits that collection communications to Plaintiff and to others were transmitted into this District.

4. NFS is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 4, and therefore denies the same.

5. NFS admits the allegations contained in Paragraph 5.

6. NFS admits that it acts as a collection agency under certain circumstances.

7. NFS admits that it acts as a debt collector as defined in the FDCPA under certain circumstances.

8. NFS admits that it maintains an office at 5230 Washington Street, West Roxbury, MA 02132.

9. NFS admits that it was involved in <u>United States v. National Financial Systems, Inc.</u>, Civil Action No. CV-990-7874 (E.D.N.Y.), an action brought by the United States of America to enforce certain provisions of the FDCPA. NFS admits that it signed a consent order in that action. NFS further states that the action brought by the United States and the related consent order are irrelevant to the matters that Plaintiff alleges in this Complaint, and that the reporting, notice, recordkeeping and other provisions of the executed consent order have expired.

10. NFS admits that on July 9, 2004, NFS mailed Plaintiff the collection letter attached to Plaintiff's complaint as <u>Exhibit A</u>.

11. NFS admits the allegation contained in Paragraph 11.

12. NFS is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 12, and therefore denies the same.

13. NFS admits the allegation contained in Paragraph 13.

14. NFS admits that Paragraph 14 purports to recite a portion of the debt collection letter attached to Plaintiff's complaint as <u>Exhibit A</u>. NFS denies the allegations in Paragraph 14 to the extent they are inconsistent with the express terms of <u>Exhibit A</u>.

15. NFS denies the allegations contained in Paragraph 15.

16. NFS admits that Paragraph 16 purports to paraphrase certain provisions of the Internal Revenue Code ("IRC") and/or Internal Revenue Service ("IRS") regulations. NFS denies the allegations contained in Paragraph 16 to the extent that they are inconsistent with the express terms of relevant IRC and/or IRS regulations.

17. NFS admits that Paragraph 17 purports to recite a portion of 26 C.F.R. § 1.6050P-1(a)(1). NFS denies the allegations contained in Paragraph 17 to the extent that they are inconsistent with the express terms of 26 C.F.R. § 1.6050P-1(a)(1).

18. NFS denies the allegations contained in Paragraph 18.

19. NFS admits that Paragraph 19 purports to recite a portion of 26 C.F.R. § 1.6050P-1(a)(3). NFS denies the allegations contained in Paragraph 19 to the extent that they are inconsistent with the express terms of 26 C.F.R. § 1.6050P-1(a)(3).

20. NFS admits that Paragraph 20 purports to paraphrase certain provisions of the IRC and/or IRS regulations. NFS denies the allegations contained in Paragraph 20 to the extent that they are inconsistent with the express terms of IRC and/or IRS regulations.

21. NFS admits that Paragraph 21 purports to recite a portion of 26 C.F.R. § 1.6050P-1(b)(2)(iv). NFS denies the allegations contained in Paragraph 17 to the extent that they are inconsistent with the express terms of 26 C.F.R. § 1.6050P-1(b)(2)(iv).

22. NFS admits that sentence 1 of Paragraph 22 purports to paraphrase certain provisions of the IRC and/or IRS regulations. NFS denies the allegations contained in sentence 1 of

Paragraph 22 to the extent that they are inconsistent with the express terms of IRC and/or IRS regulations. NFS states that it is without knowledge or information sufficient to form a belief as to the allegations contained in sentence 2 of Paragraph 22 and therefore denies the same.

23. NFS admits that <u>Exhibit A</u> to Plaintiff's complaint states that "ANY INFORMATION CONTAINED IN THIS TRANSMISSION IS BASED ON THE SENDER'S RESEARCH AND EXPERIENCE IN WORKING WITH THESE ISSUES." NFS denies the remaining allegations contained in Paragraph 23.

24. NFS admits that it has included the language quoted in Paragraph 23 of Plaintiff's complaint in letters to some debtors. NFS denies the remaining allegations contained in Paragraph 24.

25. NFS admits that on May 28, 2004, Sharon Dagg ("Dagg") sued NFS in the United States District Court for the Northern District of Illinois for allegedly violating provisions of the FDCPA by including the language quoted in Paragraph 14 of this complaint in a letter sent to Dagg. NFS admits that it was served with process in the Dagg action on or about June 2, 2004. NFS admits that on July 9, 2004, NFS mailed Plaintiff the collection letter attached to Plaintiff's complaint as <u>Exhibit A</u>. NFS denies the remaining allegations contained in Paragraph 25.

26. NFS denies the allegations contained in Paragraph 26.

## COUNT I -- FDCPA

27. NFS incorporates its answers to Paragraphs 1-26 by reference as if fully set forth herein.

28. NFS denies the allegations contained in Paragraph 28.

29. NFS admits that Paragraph 29 contains quotes from portions of 15 U.S.C. § 1692e. NFS denies that Paragraph 29 contains a complete quotation of the provisions of 15 U.S.C. §

1692e and denies the allegations contained in Paragraph 29 to the extent that they are inconsistent with the express terms of 15 U.S.C. § 1692e.

30. NFS admits that Plaintiff purports to bring this claim on behalf of a class as defined by Paragraph 30. NFS denies that such a class exists, that a class can or should be properly certified, and denies the remaining allegations contained in Paragraph 30.

31. NFS denies the allegations contained in Paragraph 31.

32. NFS admits that the letter attached to Plaintiff's complaint as <u>Exhibit A</u> is a form letter. NFS denies the remaining allegations contained in Paragraph 32.

33. NFS admits that attached to Plaintiff's complaint as <u>Exhibits B-G</u> are copies of letters that NFS mailed to debtors in various parts of the United States. NFS admits that certain information has apparently been redacted from these letters. NFS admits that <u>Exhibits B-G</u> contain the language that Plaintiff complains of. NFS denies that the information contained in the chart within Paragraph 33 accurately reflects the information on the attached exhibits and denies the remaining allegations contained in Paragraph 33.

34. NFS denies the allegations contained in Paragraph 34.

35. NFS states that it is without knowledge or information sufficient to form a belief as to the number of alleged, putative class members and therefore denies this allegation. NFS denies the remaining allegations contained in Paragraph 35.

36. NFS denies the allegations contained in Paragraph 36.

37. NFS denies the allegations contained in Paragraph 37.

38. NFS denies the allegations contained in Paragraph 38.

### Second Defense

If the inclusion of the language complained of in Paragraph 14 of Plaintiff's complaint in NFS' letter to Plaintiff is determined to be deceptive, false, and misleading in violation of the FDCPA, then NFS may not be held liable because that violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### Third Defense

The Complaint fails to state a claim for which relief may be granted.

WHEREFORE, the defendant National Financial Systems, Inc., respectfully requests that this Court deny the relief sought in Plaintiff's complaint and grant NFS any other and further relief as this Court deems appropriate and just.

Respectfully submitted,

NATIONAL FINANCIAL SYSTEMS, INC.,
By its attorneys,

/s/ Steven S. Broadley
Steven S. Broadley, BBO #542305
Posternak Blankstein & Lund, LLP
Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA  02199-8004
617-973-6100

Of Counsel:
Albert E. Fowerbaugh, Jr., Esquire
Michael G. Salemi, Esquire
Lord, Bissell & Brook LLP
115 South LaSalle Street
Chicago, IL  60603
312-443-1871

## CERTIFICATE OF SERVICE

I, Steven S. Broadley, Esquire of Posternak, Blankstein & Lund, LLP, hereby certify that on this 29 day of April, 2005, I caused a copy of the above **National Financial Systems, Inc.'s Answer and Affirmative Defenses to Plaintiff's Class Action Complaint** to be mailed to:

Daniel A. Edelman, Esquire
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603-3403

Christopher M. Lefebvre, Esquire
Law Offices of Claude Lefebvre & Sons
Two Dexter Street
Pawtucket, RI 02860

Albert E. Fowerbaugh, Jr., Esquire
Michael G. Salemi, Esquire
Lord, Bissell & Brook LLP
115 South LaSalle Street
Chicago, IL 60603

_____
Steven S. Broadley