## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY M. BROWDER, | ) | |
| | ) | 1:05cv10464 |
| Plaintiff, | ) | |
| | ) | Judge Saris |
| v. | ) | |
| | ) | |
| NATIONAL FINANCIAL SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Timothy Browder ("plaintiff") respectfully requests that this Court enter

an order determining that plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim may

proceed on a class basis. Plaintiff defines the class as:

> (i) all natural persons with Massachusetts addresses, (ii) to whom
> National Financial Systems, Inc. sent a letter stating "Any
> indebtedness of $600.00 or more may be reported to the IRS as
> taxable income pursuant to Internal Revenue Code 6050(p) and
> related federal law," (iii) on or after March 10, 2004, (iv) and prior
> to March 30, 2005.

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC and

the Offices of Claude Lefebvre & Sons be appointed counsel for the class.

In support of this motion, plaintiff states:

## NATURE OF THE CASE

1.      This case concerns a standard form collection letter (Exhibit A)[1] that

NFS uses to collect debts.  Exhibit A states on the reverse side, "any indebtedness of $600.00 or

more may be reported to the IRS as taxable income pursuant to Internal Revenue Code 6050(p)

and related federal law."

2.      In fact, NFS does not report the existence of indebtedness over $600

---

[1]Exhibits are attached to Memorandum in Support of Plaintiff's Motion for Class
Certification.

to the IRS as taxable income. (Responses of Defendant National Financial System, Inc. to Plaintiff's Requests for Admissions, Response to Request No. 15 [Exhibit B])  In short, the representation that "any indebtedness of $600.00 or more may be reported to the IRS as taxable income" is false.

3.     Certain financial institutions are required to file a 1099 information return with the IRS if they *discharge* indebtedness in the principal amount of $600 or more.

4.     The applicable IRS regulation, 26 C.F.R. §1.6050P-1(a)(1), provides: "Except as provided in paragraph (d) of this section, any applicable financial entity (as defined in section 6050P(c)(1)) that discharges an indebtedness of any person (within the meaning of section 7701(a)(1)) of at least $ 600 during a calendar year must file an information return on Form 1099-C with the Internal Revenue Service."

5.     The requirement that the discharge of indebtedness must be reported does not necessarily mean that the amount discharged represents income.

6.     26 C.F.R. §1.6050P-1(a)(3) provides that  "Except as otherwise provided in this section, discharged indebtedness must be reported regardless of whether the debtor is subject to tax on the discharged debt under sections 61 and 108 or otherwise by applicable law."

7.     Debts which the holder is actively seeking to collect through placement with a collection agency such as NFS or otherwise are, by definition, *not* discharged.

8.     26 C.F.R. §1.6050P-1(b)(2)(iv)  creates a presumption that indebtedness has been discharged if the creditor has not received a payment for 36 months, but that presumption is rebutted "if the creditor (or a third-party collection agency on behalf of the creditor) has engaged in significant, bona fide collection activity" and by "the sale or packaging for sale of the indebtedness by the creditor."

9.     The discharge of indebtedness in the principal amount of $600 or more is not taxable income if the debtor is insolvent, or if the debt is disputed, or if the discharge occurs in bankruptcy.   A large proportion of uncollectible consumer debt falls into one or more of these

three categories.

10.    NFS' letter also states that the quoted statement "is based on the sender's research and experience in working with these issues," suggesting that NFS  knows about the tax consequences of not paying debts.

## CLASS CERTIFICATION REQUIREMENTS

11.    All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

12.    This class is so numerous that joinder of all members is impractical. In this case, there are al least 2,000 class members. (Supplemental Response to Interrogatory 8 from Plaintiff's First Discovery Requests, [Exhibit C])

13.    There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members.  The primary question is whether Exhibit A is false or misleading

14.    Plaintiff's claims are typical of those of the class members.  All are based on the same factual and legal theories.

15.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. (Exhibit D)

16.    A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

(1)    Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute.

(2)    Since the essence of the violation is that NFS is misleading consumers, consumers are unlikely to recognize the violation.

(3)    Individual actions for $1,000 are not economical.

(4)    A class action will provide a meaningful recovery.  NFS' net

3

worth exceeds $1,000,000.  (Responses of Defendant National Financial System, Inc. to

Plaintiff's Requests for Admissions, Response to Request No. 24 [Exhibit B])

(5)     A class action is necessary to determine that NFS''s conduct is

a violation of law and bring about its cessation.

17.     In further support of this motion, plaintiff submits the accompanying

memorandum of law.

WHEREFORE, plaintiff respectfully requests that this Court enter an order

determining that this action may proceed as a class action.


Respectfully submitted,


s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)


4

## **RULE 7.1 CERTIFICATION**

I, Francis R. Greene, hereby certify that I have conferred in good faith with counsel for National Financial Systems, Inc. ("NFS") regarding this motion. During the conference, Defendant's counsel represented to me that NFS opposes the motion.

 s/ Francis R. Greene
Francis R. Greene

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel A Edelman, hereby certify that on February 14 , 2006, a copy of the foregoing **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Steven S. Broadley
sbroadley@pbl.com
POSTERNAK, BLANKSTEIN & LUND, LLP

Albert E. Fowerbaugh, Jr., Esquire
afowerbaugh@lordbissell.com
Michael G. Salemi, Esquire
msalemi@lordbissell.com
LORD, BISSEL & BROOK LLP

s/ Daniel A. Edelman
Daniel A. Edelman

T:\12528\Pleading\Our mtn re Class Certification_Pleading.wpd