**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY M. BROWDER, | ) | |
| | ) | |
| Plaintiff, | ) | 1:05cv10464 |
| | ) | |
| v. | ) | Judge Saris |
| | ) | |
| NATIONAL FINANCIAL SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR PRELIMINARY APPROVAL**
**OF CLASS-ACTION SETTLEMENT AGREEMENT AND NOTICE TO THE CLASS**

Plaintiff, Timothy M. Browder ("Plaintiff"), individually, and on behalf of the

Class (as defined below), and defendant, National Financial Systems, Inc., ("NFS"), jointly and

respectfully request that the Court enter an order granting preliminary approval of the Class

Settlement Agreement attached hereto as <u>Appendix 1</u> ("Agreement"). In support of this motion,

Plaintiff and NFS state the following:

      1.     Plaintiff filed the above captioned lawsuit alleging violations of the Fair

Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). Specifically, Plaintiff

alleged on a class basis that NFS violated the FDCPA by including a statement on a collection

letter mailed to Plaintiff that, "Any indebtedness of $600.00 or more may be reported to the IRS

as taxable income pursuant to Internal Revenue Code 6050(p) and related federal law" was false

and misleading. NFS denies that it has any liability to Plaintiff or the Class whatsoever, denied

that its actions violated the FDCPA in any matter, and has asserted defenses to the claims.

      2.     Counsel for Plaintiff and NFS have reviewed and analyzed the legal and

factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon their review and analysis, and upon arms-length negotiations and mediation between Plaintiff's counsel and NFS' counsel, Plaintiff and NFS entered into the Agreement.

        3.      On March 17, 2006, pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certified a class in this action consisting of (i) all natural persons with Massachusetts addresses, (ii) to whom National Financial Systems, Inc. sent a letter stating "Any indebtedness of $600.00 or more may be reported to the IRS as taxable income pursuant to Internal Revenue Code 6050(p) and related federal law," (iii) on or after March 10, 2004, (iv) and prior to March 30, 2005 (the "Class").

        4.      The parties desire to settle and compromise the litigation on the terms and conditions embodied in the Agreement and agree as follows:

        a.      Class Notice. NFS, will give, or cause to be given notice to the members of the Settlement Class by any form of bulk mail that provides address forwarding information.

        b.      Class Members' Right to Opt-Out. Members of the Settlement Class may seek to be excluded from the Agreement and the lawsuit by opting out of the settlement class within the time period set by this Court. Any class member who opts-out of the Settlement Class shall not be bound by the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

          c.     Relief to Plaintiffs and the Class.  In consideration of the full and complete settlement, release and discharge of all claims of Plaintiff and the Settlement Class against NFS, and subject to the terms of the Agreement and applicable orders of the Court:

          (1)     NFS shall pay $1,000 to Plaintiff as statutory damages and for his services as class representative.

          (2)     NFS shall pay $6,000 to settle the claims of the Settlement Class.  Each class member who does not exclude himself or herself and who timely returns a claim form will receive not more than $1,000 or their *pro rata* share of the class recovery, whichever is less, by check, void if uncashed 60 days after issuance.  If any portion of the class fund remains uncashed following the void date or is otherwise unclaimed after the distribution is calculated, the uncashed portion will be donated as a *cy pres* award, to Massachusetts Bar Foundation.  The class award of $6,000 equates to approximately $1.71 if every member of the class submitted a timely claim form and $6.85 if only 25% of the class members return a claim form.  The class award of $6,000 is within the reasonable and fair amount of the maximum award that could be obtained under the FDCPA on behalf of the class if Plaintiff prevailed at trial.  One thousand dollars ($1,000) is the maximum individual award that could be obtained under the FDCPA if a plaintiff prevailed at trial.  Plaintiff believes that the class recovery is fair and reasonable, in light of the disputed nature of the claim.

          (3)     Plaintiff's counsel shall receive from NFS, subject to Court approval, attorney's fees and costs of $13,000.  NFS agrees not to oppose an application for attorney's fees and costs in an amount not to exceed $13,000.

          (4)     NFS shall pay the cost of mailing notice to the Settlement

Class, administering the claim forms and distributing the settlement class fund, and First Class
will be used for mailing the class notices, collecting forms, mailing checks and all other duties
relating to administration of the Settlement Class.

        e.      No Admission. The Settlement Agreement represents the
compromise of disputed claims, it in no way constitutes an admission of liability by NFS with
respect to any of the material allegations in the complaint (and any amendments thereto), and
NFS specifically denies that its actions constitute a violation of the FDCPA to any extent
whatsoever.

        4.      Counsel for Plaintiff and the Class believe that the settlement of
this action on the terms and conditions set forth in the Agreement are fair, reasonable, and
adequate, and would be in the best interest of the class members. Counsel for Plaintiff further
represent to this Court that they are authorized by plaintiff, Timothy M. Browder, to enter into
the Settlement Agreement on his behalf, that counsel are able, experienced and well-qualified to
evaluate the fairness of the proposed settlement on behalf of the members of the Class, and that
counsel are in favor of this motion.

        WHEREFORE, Plaintiff and NFS respectfully request that this Court enter an
order in the form of Exhibit B to the Agreement, which (i) grants preliminary approval of the
proposed settlement, (ii) directs the mailing of notice, in the form of Exhibit A to the Agreement,
and (iii) sets dates for opt-outs and objections, and schedules a hearing for final approval under
Fed. R. Civ. P. 23(c)(2).

Respectfully submitted,

NATIONAL FINANCIAL SYSTEMS INC.    TIMOTHY M. BROWDER

By:                                  By:
s/ Michael G. Salemi                 s/ Francis R. Greene
    One of Its Attorneys              One of His Attorneys

Steven S. Broadley, BBO #542305      Christopher M. Lefebvre, Esquire
POSTERNAK BLANKSTEIN & LUND,         LAW OFFICES OF CLAUDE LEFEBVRE &
LLP                                  SONS
Prudential Tower                     Two Dexter Street
800 Boylston Street, 32nd Floor      Pawtucket, RI 02860
Boston, MA 02199-8004
617-973-6100

*Pro Hac Vice*                        *Pro Hac Vice*
Albert E. Fowerbaugh, Jr. (6201219)  Daniel A. Edelman, Esquire
Michael G. Salemi (6279741)          Francis R. Greene, Esquire
LORD BISSELL & BROOK LLP             EDELMAN, COMBS, LATTURNER &
115 South Wacker Drive               GOODWIN, LLC
Chicago, IL 60606                    120 S. LaSalle Street, 18th Floor
Tel.: (312) 443-0323 (M. Salemi)     Chicago, IL 60603-3403
Fax: (312) 896-6323 (M. Salemi)

## CERTIFICATE OF SERVICE

   I, Francis R. Greene, hereby certify that on June 30, 2006, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


Albert E. Fowerbaugh, Jr.     Michael G. Salemi
LORD, BISSEL & BROOK LLP   LORD, BISSEL & BROOK LLP
afowerbaugh@lordbissell.com   msalemi@lordbissell.com

Steven S. Broadley
POSTERNAK, BLANKSTEIN & LUND, LLP
sbroadley@pbl.com


             s/ Francis R. Greene
            Francis R. Greene

# APPENDIX 1

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY M. BROWDER, | ) | |
| | ) | |
| Plaintiff, | ) | 1:05cv10464 |
| | ) | |
| v. | ) | Judge Saris |
| | ) | |
| NATIONAL FINANCIAL SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CLASS SETTLEMENT AGREEMENT

## RECITALS

This Settlement Agreement ("Agreement") between plaintiff, Timothy M. Browder, individually, and on behalf of a class of similarly situated persons in *Browder v. National Financial Systems, Inc.*, No. 05 CV 10464 (D. Mass) and Defendant, National Financial Systems, Inc., was reached after arms-length negotiations between counsel for all parties and is entered into as of June 21 2006.

      1.    **Parties.** The parties to this Agreement are National Financial Systems, Inc, ("Defendant"), on the one hand, and Timothy M. Browder ("Plaintiff"), individually and on behalf of the class of persons as defined in ¶ 9 below, on the other hand.

      2.    **Nature of litigation.** Plaintiff filed the above captioned action in the United States District Court for the District of Massachusetts Eastern Division, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), in connection with collection letters mailed by Defendant. Plaintiff alleged that the statement in the collection letter that "Any indebtedness of $600.00 or more may be reported to the IRS as taxable income pursuant to

1

Internal Revenue Code 6050(p) and related federal law" violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10) as it was false and misleading.

3.    **Liability.** Defendant denies liability to Plaintiff and the Class, as defined below in ¶ 9 ("Class"), for the claims alleged, denies that its actions violated the FDCPA in any manner, and has asserted defenses to the claims. Defendant, however, considers it desirable that the action and the claims alleged therein be settled upon the terms and conditions set forth in this Agreement, in order to avoid further expense and burdensome, protracted litigation, and to put to rest all claims, known or unknown, that have been or might be asserted by Plaintiff or the Class members against Defendant.

4.    Plaintiff individually and on behalf of the Class wishes to settle his claims against Defendant, having taken into account through his counsel the risks, delay and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be further protracted and expensive.

5.    Plaintiff and the Class are represented by the law firm of Edelman, Combs, Latturner & Goodwin, LLC and the Law Offices of Claude Lefebvre & Sons ("Class Counsel"). Class Counsel has investigated the facts available to them and the applicable law.

6.    Based on the foregoing, and upon an analysis of the benefits which this Settlement Agreement affords the Class, Class Counsel consider it to be in the best interest of the Class to enter into this Agreement.

7.    In consideration of the foregoing and other good and valuable consideration, Plaintiff, Class Counsel, and Defendant stipulate and agree that the claims of the named Plaintiff, and the Class, against Defendant should be and are hereby compromised and settled, subject to the

2

approval of the Court, upon the following terms and conditions.

## TERMS

8.     **Effective Date.** This agreement shall become effective (hereinafter the "Effective Date") upon (1) the entry of a final order approving this agreement as fair, reasonable and adequate to the Class; finding that this agreement is fair and made in good faith, dismissing the claims of Plaintiff and the Class members against Defendant with prejudice; and (2) the expiration of five (5) days after the time the final order, judgment and decree becomes a final, non-appealable order, or if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such final order, judgment and decree, which disposition approves the Court's final order, judgment and decree, the terms and provisions of this Agreement, and the consummation of the settlement in accordance with the terms and provisions of this Agreement.

9.     **Definition of Class.** The certified Class is defined as follows:

(I) All natural persons with Massachusetts addresses, (ii) to whom National Financial Systems sent a letter stating "Any indebtedness of $600.00 or more may be reported to the IRS as taxable income pursuant to Internal Revenue Code 6050(p) and related federal law," (iii) on or after March 10, 2004, (iv) and prior to March 30, 2005.

Defendant represents that there are approximately 3,504 Class members.

10.     **Relief to Plaintiff and the Class.** In consideration of the full and complete settlement, release, and discharge of all claims of Plaintiff and the Class against NFS, and subject to the provisions of this Agreement and all applicable orders of the District Court, NFS shall pay the following amounts:

a.  **Class Recovery.** Defendant shall pay six thousand dollars ($6,000) to settle the claims of the Class (the "Settlement Fund"). First Class, Inc. (the "Class

3

Administrator") shall act as fiduciary for this amount. Defendant must fund the Settlement Fund

within seven (7) days of the Effective Date. The Settlement Fund shall be divided *pro rata*

among the members of the Class who timely submit a claim form as provided in the Class Notice

("Claimants"). Each Claimant can only recover one thousand dollars ($1,000.00) or his or her

*pro rata* amount of the Settlement Fund, whichever is less. All checks issued to the Claimants in

accordance with this paragraph shall indicate on their face that they are void after sixty (60) days

from the date issued ("void date"), and shall be sent to the Claimants by first-Class mail by the

Class Administrator within thirty-five (35) days of the Effective Date. Any portion of the

Settlement Fund that is unclaimed by the Class, because the settlement check was returned as

undeliverable or without a forwarding address, or because the check remains uncashed 60 days

after distribution, or any funds otherwise remaining after the distribution is calculated, shall be

donated to the Massachusetts Bar Foundation as a *cy pres* remedy. In addition, within one

hundred fifty (150) days after the effective date, the Class Administrator shall provide a report to

Class Counsel stating the number of Class members' checks that were returned or remained

uncashed and shall transmit the *cy pres* check to the Massachusetts Bar Foundation.

    b. **Attorney's Fees and Costs.** Subject to Court approval, Defendant

shall pay Class Counsel attorney's fees and related litigation costs and expenses in an amount

not to exceed thirteen thousand dollars ($13,000.00)(the "Attorney's Fees"). NFS agrees not to

oppose any application or petition by Class Counsel in an amount not to exceed thirteen

thousand dollars ($13,000.00). The Attorney's Fees shall be paid in addition to the Settlement

Fund and shall be paid to Class Counsel within seven (7) days of the Effective Date.

    c. **Costs of Notice and Administration.** Upon preliminary approval of

4

this Agreement by the Court, NFS agrees to pay to the Class Administrator all costs associated

with the mailing of the Class Notice, and with the distribution of the Settlement Fund, provided

however, that First Class shall bear the sole responsibility for administering the Class, and NFS

shall have no responsibility other than paying the aforementioned costs charged by the Class

Administrator. These costs are in addition to the amounts for Attorney's Fees, the Settlement

Fund, and Plaintiff's recovery.

      d.  **Recovery to Plaintiff**. Defendant shall pay one thousand dollars

($1,000.00) to Plaintiff as statutory damages and for his services as a Class representative.

Defendant's payments under this subparagraph shall be made within seven (7) days from the

Effective Date.

      11.  Notwithstanding anything to the contrary in this Agreement, including all

exhibits, under no circumstances shall the liability of NFS under this Agreement exceed twenty

thousand dollars ($20,000.00), plus costs of notice and administration charged by the Class

Administrator. Given the risks associated with a jury trial, Class Counsel has determined that

the Class award is a fair and reasonable compromise.

      12.  In the event that a Class member entitled to a check is deceased, or there

are multiple obligors on an account, Defendant shall send or cause to be sent, a check to the

person(s) reasonably believed to be the person(s) entitled thereto, and the release in ¶14 of this

Agreement shall be effective as to such Class member, notwithstanding any failure to comply

with laws relating to probate and/or marital property.

      13.  **Release.** As consideration for this Agreement, Plaintiff and the members

of the Class will grant Defendant the following release:

Plaintiff, individual Class member Claimants, and all Class members who have not timely and properly excluded themselves from the Class pursuant to this Agreement and/or applicable state and/or federal law, their assigns, heirs, successors and personal representatives, as of the Effective Date of the Settlement Agreement release all claims, against Defendant, and its present or former parents, clients with respect to the debt (Citibank, Providian National Bank, and Unifund Portfolio, LLC), officers, directors, partners, members, principals, insurers representatives, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, and assigns ("Released Parties"), arising out of all of the allegations made in the action styled *Browder v. National Financial Systems, Inc.*, No. 05cv10464 (D. Mass.) In addition, Plaintiff agrees to release Citicorp for any actions or statements of the Released Parties in its collection attempts regarding the debt specified in Plaintiff's complaint, only.

This release is in no way intended to release Defendant's claims for payment of Class members' debts, including Plaintiff's, or Class members' claims regarding (1) whether the debt is in fact actually owed, (2) the crediting of payments on such debts, and (3) the proper reporting of debts to credit bureaus. This release is conditioned upon the final approval of the Settlement Agreement by the Court and Defendant meeting its obligation therein.

14.    If this agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

15.    **Class Notice.**  Within seven (7) days of the Court's entry of preliminary approval order, Defendant shall provide the Class Administrator with a list of the Class members

6

in Excel or a data file format that is appropriate for mailing of the Class Notice as per the

guidelines of the Class Administrator. Defendant shall cause the Class Administrator to send or

arrange to send the Class Notice, in the form attached hereto as Exhibit A, to each Class

member, by any form of U.S. mail that provides a forwarding address, within twenty-one (21)

days of preliminary approval of this Settlement Agreement by the District Court. Notice shall be

provided to each Class member's last known address, as stated by NFS' list of the last known

address of the Class members ("Class List"). In the event that a notice is returned as

undeliverable and a forwarding address is provided, Defendant shall forward any such returned

notice to the address provided to Defendant within four days of receipt. Any Class member

whose notice is returned as undeliverable and a forwarding address is provided, Defendant shall

forward any such returned notice to the address provided to Defendant within four days of

receipt. Any Class member whose notice is returned as undeliverable with no forwarding address

available shall not receive a distribution from the Settlement Fund, but will otherwise remain a

member of the Class for all other purposes fo this Agreement and settlement. Class members,

subject to the Court's approval, shall have forty-five (45) days in which to either return the claim

form to the Class Administrator, opt-out, or file an objection. Class members' claim forms must

be postmarked by the end of this 45-day period and Class members bear the risk of having the

claim form considered late. The parties may destroy documents generated in administration fo

the settlement within 90 days after the latest date on which a Class member's settlement check

becomes void.

      16.    **Preliminary approval.**  As soon as practicable after execution of this

agreement, the parties shall make application to the court for an order which:

        a.      Preliminarily approves this Settlement Agreement.

        b.      Schedules a hearing for final approval of this Settlement Agreement by the court.

        c.      Approves the form of notice to the Class, to be directed to the last known address of the Class members as shown on Defendant's records. If as a result of the mailing, a forwarding address is furnished by the Postal Service but the notice is not forwarded by the Postal Service, the notice will be re-mailed to the address(es) provided.

        d.      Finds that mailing of the Class notice and the other measures specified in ¶14 is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

17.      The parties agree to request the form of notice attached hereto as <u>Exhibit A</u> and propose the form of preliminary approval order attached hereto as <u>Exhibit B</u>. The fact that the court may require non-substantive changes in the notice or order does not invalidate this Agreement.

18.      **Final approval.** At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this agreement, Class counsel and Defendant shall request that the Court enter a Final Order approving the terms of this agreement as fair, reasonable and adequate, providing for the implementation of those terms and provisions, finding that the notice given to the Classes satisfies the requirements of due process and Rule 23, dismissing the claims of the named Plaintiff and the Class with prejudice and without costs, directing the entry of a final order, and retaining jurisdiction to enforce the provisions of this agreement.

19.   **Release of Attorney's Lien.**  In consideration of this Settlement Agreement, Class counsel, hereby waive, discharge and release the "Released Parties" as defined in ¶13 above of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Class counsel in connection with this case.  Class counsel further represent and certify that they will pay any amounts due for attorney's fees pursuant to agreement with them, and hold Defendant harmless from any such claim.

20.   **Miscellaneous provisions.**  Whether or not this Settlement Agreement and the settlement contemplated hereunder are consummated, this Settlement Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendant of any liability or wrongdoing whatsoever.

21.   The parties and their attorneys agree to cooperate fully with one another in seeking court approval of this Settlement Agreement, and to use their best efforts to effect the consummation of this agreement and the settlement provided for herein.

22.   Notices of objections to this Settlement Agreement shall be sent to:

Daniel A. Edelman
Francis R. Greene (12.528)
EDELMAN, COMBS, LATTURNER & GOODWIN LLC
120 S. LaSalle Street, Suite 1800
Chicago IL. 60603

and notices to Defendant shall be sent to

Albert E. Fowerbaugh, Jr              Steven S. Broadley
Michael G. Salemi                     Posternak Blankstein & Lund, LLP
Lord, Bissell & Brook, LLP            Prudential Tower
111 S Wacker Dr.                      800 Boylston Street, 32nd Floor
Chicago, IL 60606                     Boston, MA 02199-8004

9

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

23. The foregoing constitutes the entire agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

24. This Settlement Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or facsimiles of executed copies of this Settlement Agreement may be treated as originals.

25. Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiff and the members of the Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Settlement Agreement.

26. This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of Massachusetts for state law issues and federal law for federal law issues.

27. Defendant is to give the appropriate notification of this Class action settlement agreement to the appropriate Federal and State officials under 28 U.S.C. § 1715 within 10 days after the proposed settlement of Class action is filed with the Court.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on _____ , 2006.

10

**For Plaintiff and the Class**

*[signature]* June 21, 2006

Timothy M. Browder


**For Class counsel with respect to the release of attorneys' lien:**

*[signature]*

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Christopher Lefebvre
LAW OFFICES OF CLAUDE LEFEBVRE & SONS
Two Dexter St
P.O. Box 479
Pawtucket, RI 02862


**National Financial Systems, Inc.**


BY:_____


TITLE: _____


**Approved as to form:**


_____
Albert E. Fowerbaugh, Jr

11

**For Plaintiff and the Class**

_____._____

Timothy M. Browder


**For Class counsel with respect to the release of attorneys' lien:**

_____

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Christopher Lefebvre
LAW OFFICES OF CLAUDE LEFEBVRE & SONS
Two Dexter St
P.O. Box 479
Pawtucket, RI 02862


**National Financial Systems, Inc.**

BY _____

TITLE _____


**Approved as to form:**

_____
Albert E. Fowerbaugh, Jr

Michael G. Salemi
LORD, BISSELL & BROOK, LLP
111 S Wacker Dr.
Chicago, IL 60606

Steven S. Broadley
POSTERNAK BLANKSTEIN & LUND, LLP
Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199-8004

12

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY M. BROWDER, | ) | |
| | ) | |
| Plaintiff, | ) | 1:05cv10464 |
| | ) | |
| v. | ) | Judge Saris |
| | ) | |
| NATIONAL FINANCIAL SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**TO:** (i) All natural persons with Massachusetts addresses, (ii) to whom National Financial Systems sent a letter stating "Any indebtedness of $600.00 or more may be reported to the IRS as taxable income pursuant to Internal Revenue Code 6050(p) and related federal law," (iii) on or after March 10, 2004, (iv) and prior to March 30, 2005.

### PLEASE READ THIS NOTICE CAREFULLY.
### THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT <u>AGAINST</u> YOU.
### YOU MAY BENEFIT FROM READING THIS NOTICE.

### IF YOU WISH TO RECEIVE A PORTION OF THE CLASS SETTLEMENT PROCEEDS YOU MUST RETURN THE FORM AT THE END OF THIS NOTICE BY ?

### WHAT THIS LAWSUIT IS ABOUT

Plaintiff Timothy M. Browder filed the above captioned lawsuit in the United States District Court for the District of Massachusetts against defendant, National Financial Systems, Inc., ("NFS") alleging on behalf of the putative class violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). Specifically, plaintiff alleged that the letter's representation that "Any indebtedness of $600.00 or more may be reported to the IRS as taxable income pursuant to Internal Revenue Code 6050(p) and related federal law" and that the quoted statement "is based on the sender's research and experience in working with these issues" were false as certain financial institutions are required to file 1099 information with the IRS if they <u>discharge</u> indebtedness in the principal amount of $600 or more. Debts, such as plaintiff's, which the holder is actively seeking to collect are by definition <u>not</u> discharged. Plaintiff alleged that neither NFS nor its clients report the existence of indebtedness over $600 to the IRS as taxable income.

Judge Saris granted preliminary approval of the settlement, subject to a fairness hearing which will take place on ? at ? a.m., **in Room #19, 7th Floor of the United States District Court for the District of Massachusetts, Eastern Division, 1 Courthouse Way, Suite 2300, Boston, MA 02210.**

You are being sent this notice because you appear to be a member of the class as defined above.

1

This notice explains the nature of the lawsuit and the terms of the settlement and informs you of your legal rights and obligations.

**IN ORDER TO OBTAIN MONETARY BENEFITS OF THIS SETTLEMENT, YOU MUST FILL OUT AND RETURN THE PROOF OF CLAIM FORM AT THE END OF THIS NOTICE BY ?A.**

## NO ADMISSION OF LIABILITY

By settling this lawsuit, defendant is not admitting that it has done anything wrong. Defendant expressly denies that it did anything wrong.

## THE PROPOSED SETTLEMENT

Plaintiff and defendant have agreed to the settlement described below. **IF YOU WISH TO RECEIVE A PORTION OF THE SETTLEMENT PROCEEDS, YOU MUST RETURN THE PROOF OF CLAIM FORM AT THE END OF THIS NOTICE BY ?a.** If you do not wish to be part of the settlement, you must opt-out. If you return your form and the settlement is finally approved, you will be sent a check for your portion of the settlement.

**Class Recovery.** Defendant agrees to pay $6,000 to settle the claims of the class. The $6,000 will be split evenly amongst those class members who: (i) do not opt-out; (ii) **RETURN THE PROOF OF CLAIM FORM AT THE END OF THIS NOTICE INDICATING THAT THEY WANT TO PARTICIPATE IN THE MONETARY BENEFITS OF THE SETTLEMENT BY ?A**; and (iii) do not have their notice returned by the Postal Service without a valid forwarding address.

**Attorneys' Fees.** Plaintiff's counsel will receive attorneys' fees and costs of $13,000 to be paid by the defendant, subject to Court approval. Defendant has agreed not to oppose a request for approval of attorneys' fees and costs of $13,000. Plaintiff's counsel will not request additional fees and costs from the class.

**Relief to Plaintiff** Defendant agrees to pay $1,000 to plaintiff Timothy Browder as his statutory damages, and in recognition of his services as class representative.

**Costs.** Defendant will pay all costs associated with the notice and administration of the agreement.

**Release.** Unless you exclude yourself from the settlement, you will be part of the class. By staying in the class, all of the Court's orders will apply to you, and you will give the defendant a "release." A release means you can't sue or be part of any other lawsuit against National Financial Systems, Inc., about the claims or issues in this lawsuit ever again.

## CLASS COUNSEL'S OPINION OF THE VALUE OF THE SETTLEMENT

The claim asserted on behalf of the class against defendant is under the FDCPA. The

FDCPA provides for both individual actions and class actions. In a class action, the maximum possible recovery is: (i) any actual damages suffered by the class members; and (ii) statutory damages determined by the Court, based on the culpability of the defendant's conduct and the amount of harm caused by the defendant. The penalty cannot exceed the smaller of $500,000 or 1% of the defendant's net worth. The Court, in its discretion, may award anything between the maximum amount and zero, depending upon the seriousness of the violation. Plaintiff's complaint did not allege actual damages.

In an individual action, the person bringing the suit may recover (i) any actual damages suffered and (ii) statutory damages of between $0 and $1,000. In either an individual or class action, the person bringing the suit can also recover attorney's fees and the expenses of prosecuting the suit, if it is successful.

The settlement amount of $6,000 is at least 100% of the maximum recovery which could be obtained by the class if plaintiff prevailed at trial. Class counsel believes that given the constraints on damages, and the disputed nature of the claim, that this settlement is fair and reasonable and that the class members should accept this settlement.

If all of the approximately 3,504 class members return a claim form (which is unlikely), each individual will receive approximately $1.71. If 25% of the class members return a claim form, each individual will receive approximately $6.85. If 10% of the class members return a claim form, each individual will receive approximately $17.14. Class counsel expects that between 10-25% of class members will return claim forms.

## WHO REPRESENTS THE CLASS?

The following attorneys represent Timothy Browder, and all the members of the class described above ("Class Counsel"):

Daniel A. Edelman
Francis R. Greene (12.528)
Edelman, Combs, Latturner & Goodwin, LLC.
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

Christopher Lefebvre
Law Offices of Claude Lefebvre & Sons
Two Dexter St
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

## CORRECT ADDRESS

If this notice was forwarded by the Postal Service, or if it was otherwise sent to you at an address which is not current, you should immediately send a letter to the address listed below stating your past and current addresses plus the case name (*Browder v National Financial Systems, Inc.*), and number (No. 05cv10464):

3

?

If any of the persons to whom this notice is sent have died or are divorced or other reasons have resulted in changes concerning the underlying debt, you should send a letter to the same address explaining who is responsible for payments on the debt and include any supporting documentation (such as a divorce decree).

## FAIRNESS HEARING

A hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement, including the amount of the award to plaintiff's counsel of costs and attorney's fees. The hearing will take place on ? at ? a.m., before Judge Saris in room #19, 7th floor of the United States District Court for the District of Massachusetts, Eastern Division, 1 Courthouse Way, Suite 2300, Boston, MA 02210. <u>YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING</u>

## YOUR OPTIONS

1. <u>If you wish to receive a portion of the settlement proceeds, you must complete and return the proof of claim form at the end of this notice indicating that you wish to participate in the settlement.</u> The proof of claim form must be post-marked <u>on or before ?a</u> and mailed to ?, Re: Browder v. National Financial Systems, Inc.,?. If you wish to participate in the settlement on your own or through your own attorney, an appearance must be filed with the Court by ?a. If you participate through your own attorney, it will be at your expense. Any party who returns a claim form or otherwise does not exclude him or herself from the settlement, as described below, will be bound by the settlement agreement and release of claims against the defendant, as approved by the Court.

2. <u>You have the right to exclude yourself from both the class action and the settlement</u> by filing a written request for exclusion with the Clerk of the United States District Court for the District of Massachusetts, Eastern Division, 1 Courthouse Way, Suite 2300, Boston, MA 02210. <u>The request for exclusion must be received by the Clerk of the Court on or before ?a,</u> and must refer to your name, address, and the name and number of the case. You must also serve copies of the request for exclusion on each of the attorneys for the plaintiff and for the defendant listed below by the same date.

Daniel A. Edelman
Francis R. Greene (12.528)
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(Counsel for Plaintiff and the Class)

4

Albert E. Fowerbaugh, Jr                Steven S. Broadley
Michael G. Salemi                       Posternak Blankstein & Lund, LLP
Lord, Bissell & Brook, LLP              Prudential Tower
111 S Wacker Dr.                        800 Boylston Street, 32nd Floor
Chicago, IL 60606                       Boston, MA 02199-8004
(Counsel for Defendant)

3.      If you object to the settlement, and wish to submit an objection rather than simply exclude
yourself from the class action, you must submit your objection in writing to the Clerk of the United
States District Court for the District of Massachusetts, Eastern Division, 1 Courthouse Way, Suite 2300,
Boston, MA 02210. The objection must be received by the Clerk of the Court on or before _____,
2006, and must refer to the name and number of the case. You must also serve copies of your
objection on each of the attorneys for the plaintiff and for the defendant listed above by the same
date. Any objection must include your name and address, the name and number of the case, and a
statement of the reasons why you believe that the Court should find that the proposed settlement is
not in the best interests of the class. If you do file an objection you may also appear at the hearing
before Judge Saris on ?. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING. Please note
that it is not sufficient to simply state that you object. You must state reasons why the settlement
should not be approved.

**IMPORTANT: THE COURT REQUIRES THAT ANY REQUESTS FOR EXCLUSION OR
OBJECTIONS BE RECEIVED BY THE CLERK BY ?a. IF YOU MAIL A REQUEST FOR
EXCLUSION OR OBJECTION, YOU BEAR THE RISK OF THE REQUEST FOR
EXCLUSION OR OBJECTION NOT BEING RECEIVED BY THE CLERK BY THE
DEADLINE.**

        If you choose to exclude yourself from the class action and settlement you will not receive
payment under this agreement. If you remain in the class action but do not return a proof of claim
form by ?a, you will be bound by the settlement agreement and release but will not receive payment
under this agreement. Only those class members who complete and return a valid proof of claim
form post-marked on or before ?a will receive payment under this agreement.

        If the settlement is not approved, the case will proceed as if no settlement had been
attempted. There can be no assurance that if the settlement is not approved, the class will recover
more than is provided in the settlement, or indeed, anything.

        This description of the case is general and does not cover all of the issues and proceedings
thus far. In order to see the complete file, including a copy of the settlement agreement, you should
visit the office of the Clerk of the United States District Court for the District of Massachusetts, Eastern
Division,1 Courthouse Way, Suite 2300, Boston, MA 02210. The Clerk will make the files relating to
this lawsuit available to you for inspection and copying at your own expense.

## INQUIRIES

Any questions you or your attorney have concerning this notice should be directed to:

Edelman,  Combs, Latturner & Goodwin, LLC (12.528)
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
312-739-4200
312-419-0379 (fax)
info@edcombs.com
www.edcombs.com

Please include the case name and number, your name and your current return address on any letters, not just the envelopes.

# PROOF OF CLAIM

RE:   **BROWDER V. NATIONAL FINANCIAL SYSTEMS, INC.**, No. 05cv10464

**IMPORTANT: THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE ?A, AND MAILED TO THE FOLLOWING ADDRESS:**

?

Please LEGIBLY PRINT the following information:

NAME:                         _____

SOCIAL SECURITY NO.           _____

ADDRESS:                      _____

CITY/STATE:                   _____

ZIP CODE:                     _____

NOTE: IF YOUR CURRENT NAME IS DIFFERENT THAN THE NAME YOU USED WHEN YOU RECEIVED A COLLECTION LETTER FROM, NATIONAL FINANCIAL SYSTEMS, INC., PRINT THE NAME YOU USED HERE:

_____

_____
(YOUR SIGNATURE)

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY M. BROWDER, | ) | |
| | ) | |
| Plaintiff, | ) | 1:05cv10464 |
| | ) | |
| v. | ) | Judge Saris |
| | ) | |
| NATIONAL FINANCIAL SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the motion of plaintiff Timothy M. Browder ("plaintiff") for preliminary approval of the class settlement agreement ("Agreement") between plaintiff and National Financial Systems, Inc., ("NFS"), and notice to the class, the Court being fully advised in the premises, IT IS HEREBY ORDERED:

1.    The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it.

2.    On March 17, 2006, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certified the following class:

> (i) All natural persons with Massachusetts addresses, (ii) to whom National Financial Systems sent a letter stating "Any indebtedness of $600.00 or more may be reported to the IRS as taxable income pursuant to Internal Revenue Code 6050(p) and related federal law," (iii) on or after March 10, 2004, (iv) and prior to March 30, 2005.

There are approximately 3,504 class members according to NFS records.

3.    A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by counsel for the class will be

1

held before this Court on ?.

4.      The Court approves the proposed form of mailed notice to the class, to be directed

to the last known address of the class members as shown on defendant's records.  Defendant will

mail, or cause to be mailed notice to class members on or before ?.  Any mail returned with a

forwarding address will be re-mailed once.  Defendant will have the notice sent by any form of bulk

mail that provides address forwarding mail to each address.

5.      The Court finds that mailing of the class notice and the other measures specified

above to locate and notify members of the class are the only notices required and that such notice

satisfies the requirements of due process and Fed. R. Civ. P. 23.

6.      Class members shall have until ?a to opt out or object to the proposed settlement.

Any class members who desire to exclude themselves from the action must file a request for

exclusion with the Clerk of the Court by ?a.  Any class members who wish to object to the settlement

in writing must submit the written objection to the Clerk of the Court by ?a.  Any objection must

include the name and number of the case and a statement of the reasons why the objector believes

that the Court should find that the proposed settlement is not in the best interests of the class.

Objectors, who have filed written objections to the settlement, may also appear at the hearing and

be heard on the fairness of the settlement, but are not required to do so.  Any person wishing to

object to the settlement in person at the fairness hearing must notify the clerk of his or her intention

to do so by ?a.

7.      Class members shall have until ?a to return the  participation form.

DATE: _____          ENTERED: _____

                                        The Honorable Patti B. Saris
                                        United States District Court Judge

2

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| TIMOTHY M. BROWDER, ) | |
| ) | |
| Plaintiff, ) | 1:05cv10464 |
| ) | |
| v. ) | Judge Saris |
| ) | |
| NATIONAL FINANCIAL SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**FINAL APPROVAL ORDER**

This cause comes before the Court for final approval of the class-action

Settlement Agreement and for dismissal of this action pursuant to the terms of the class-action

Settlement Agreement, due notice having been given. On _____, 2006, the Court held a

fairness hearing to which Class members, including any with objections, were invited.    The

Court being fully advised in the premises, HEREBY FINDS THAT:

          1.      Plaintiff Timothy M. Browder ("Plaintiff") and Defendant National

Financial Systems, Inc., ("NFS") have entered into a class-action Settlement Agreement

("Agreement") dated as of _____, 2006.

          2.      On March 17, 2006 pursuant to Rule 23 of the Federal Rules of Civil

Procedure, this Court certified a class in this action consisting of (i) all natural persons with

Massachusetts addresses, (ii) to whom National Financial Systems, Inc. sent a letter stating "Any

indebtedness fo $600.00 or more may be reported to the IRS as taxable income pursuant to

Internal Revenue Code 6050(p) and related federal law," (iii) on or after March 10, 2004, (iv)

and prior to March 30, 2005 (the "Class").

1

3.      On ?,  this Court preliminarily approved the ("Agreement") reached between Plaintiff and Defendant.  The Court approved a form of notice for mailing to the class. The Court is informed that actual notice was sent by first-class mail to 3,504  class members (counting couples and other joint persons as a single class member).  A total of ? envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and ? envelopes were returned and re-mailed to a forwarding address.  No [or number] class members requested exclusion and no objections were filed or received.  A total of ? class members timely returned the proof of claim form and are therefore entitled to a share in the monetary benefits of the settlement.  As of ?, ? late claim forms were returned by class members.

4.      The Complaint in this action alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k of the ("FDCPA").  Under 15 U.S.C. § 1692k, the maximum statutory damages recoverable by an individual plaintiff is $1,000 and the maximum statutory damages recoverable by a class is the lesser of 1% of the defendant's net worth or $500,000.

5.      On _____, 2006, the Court held a fairness hearing to which class members, including any with objections, were invited.

6.      The Court finds that the provisions for notice to the Class satisfy the requirements of Fed. R. Civ. P. 23 and due process.

7.      The Court finds that the settlement is fair and reasonable, and hereby approves the Agreement submitted by the parties, including the release and the payment by Defendant of $6,000 to those Class members who did not opt out and who returned claim forms

2

provided, however, that each Class member will receive their pro rata share of the settlement fund or $1,000, whichever is less to settle the claims of the Class; $1,000 to settle Plaintiff's claims, and $13,000 as attorney's fees and costs. Defendant has also agreed to cease using the form collection letter at issue in Plaintiff's Complaint, and voluntarily ceased using said letter prior to the filing of the lawsuit.

      (a)    Pursuant to the Agreement, the $6,000 class settlement fund shall be distributed by First Class, Inc., the Class Administrator, pro rata or $1,000, whichever is less, to the class members who did not opt-out and who timely returned claim forms. The Class Administrator shall, within 35 days of the final approval of the settlement, mail checks to Class members meeting these criteria. Any portion of the settlement fund that is unclaimed by the Class, because the settlement check was returned as undeliverable or without a forwarding address, or because the check remains uncashed 90 days after distribution, or because any funds otherwise remain after the distribution was calculated, shall be paid to the Massachusetts Bar Foundation as a *cy pres* remedy on behalf of the Class. Pursuant to the Agreement, within 150 days after effective date, First Class, Inc. shall provide the Court and Class counsel with a report regarding the unclaimed/undistributed portion of the settlement fund.

      (b)    Pursuant to the Agreement Defendant shall pay $13,000 to Class counsel for attorney's fees and costs. Class counsel have submitted to the Court a detailed affidavit of their fees and expenses, including their current hourly rates and the number of hours expended in this matter. Accordingly, payment by Defendant of $13,000 to Class counsel for attorney's fees and costs is hereby approved.

      8.    The Court finds the settlement negotiations were conducted at arms-

3

length and in good faith among all counsel and that the terms of the Agreement are fair,
reasonable and adequate to plaintiff and all members of the Class. In addition to the other facts
stated herein, the Court finds the Agreement to be particularly fair, adequate and reasonable in
light of the risk of establishing liability and the expense of further litigation.

**THE COURT, BEING FULLY ADVISED IN THE PREMISES, HEREBY ORDERS:**

1.      The Agreement is hereby approved.

2.      Plaintiff and every member of the Class who has not timely excluded
himself or herself, and each of them, shall be forever barred and enjoined from instituting or
further prosecuting any action, in any forum whatsoever, including but not limited to, any state,
federal, or foreign court, against Defendant, as well as its present and former affiliates,
subsidiaries, insurers, clients with respect to the debt, officers, directors, agents, employees,
members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs,
attorneys, successors and assigns in their individual as well as representative capacity
(collectively, the "Released Parties") any causes of action, suits, claims or demands whatsoever,
in law or in equity, known or unknown at this time, which Plaintiff and the Class now have or
ever had against the Released Parties, or any of them, under any legal theory, whether or not
alleged, arising out of the allegations in or subject matter of the action styled *Browder v.*
*National Financial Systems, Inc.*, 05v10464 (E.D. Mass.). Moreover, NFS shall be barred
identically from pursuing any claim for relief under 15 U.S.C. § 1692k(a)(3) of the FDCPA
against plaintiff or against any member of the Class arising out of the claims asserted against
defendant in this action. However, the underlying debts, which Defendant was attempting to
collect, via the letter at issue, are in no way affected by the Agreement, and nothing herein shall

4

prevent defendant from continuing to attempt to collect the debts allegedly owed by plaintiff or any of the other Class members. Likewise, Class members do not release any claims they may have against Defendant which relate to Defendant's processing of payments made to Defendant in connection with those debts, the application of those payments to Class members' accounts, or the proper reporting of those debts to credit reporting agencies.

3.   Within one hundred fifty (150) days after the Effective Date, First Class Inc. shall provide the Court and Class counsel with a report regarding the unclaimed/undistributed portion of the settlement fund and shall distribute any remaining funds to Volunteer Lawyers, as a cy pres remedy.

4.   The *cy pres* remedy is approved and payment shall be distributed to Massachusetts Bar Foundation.

5.   The following individuals are excluded from this action and the settlement:

?,?,?

6.   The Court dismisses the claims of Plaintiff and the class against Defendant and the released parties with prejudice and without costs (other than what has been provided for in the Agreement).

7.   The Court retains jurisdiction over the interpretation, enforcement and implementation of the Agreement and of this Order.

8.   This Order resolves all claims against all parties in this action.

5

DATE: _____          ENTER: _____

The Honorable Patti B. Saris
United States District Court Judge