IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY M. BROWDER, | ) | |
| | ) | |
| Plaintiff, | ) | 1:05cv10464 |
| | ) | |
| v. | ) | Judge Saris |
| | ) | |
| NATIONAL FINANCIAL SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PRELIMINARY APPROVAL ORDER**

This matter coming before the Court on the motion of plaintiff Timothy M. Browder ("plaintiff") for preliminary approval of the class settlement agreement ("Agreement") between plaintiff and National Financial Systems, Inc., ("NFS"), and notice to the class, the Court being fully advised in the premises, IT IS HEREBY ORDERED:

1. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it.

2. On March 17, 2006, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certified the following class:

> (i) All natural persons with Massachusetts addresses, (ii) to whom National Financial Systems sent a letter stating "Any indebtedness of $600.00 or more may be reported to the IRS as taxable income pursuant to Internal Revenue Code 6050(p) and related federal law," (iii) on or after March 10, 2004, (iv) and prior to March 30, 2005.

There are approximately 3,504 class members according to NFS records.

3. A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by counsel for the class will be

1

held before this Court on [~~90 days from the entry of this order~~] *November 9, 2006* at *2:00* ~~a.m.~~/p.m.

4. The Court approves the proposed form of mailed notice to the class, to be directed to the last known address of the class members as shown on defendant's records. Defendant will mail, or cause to be mailed notice to class members on or before [~~21 days from the entry of this order~~] *August 28, 2006*. Any mail returned with a forwarding address will be re-mailed once. Defendant will have the notice sent by any form of bulk mail that provides address forwarding mail to each address.

5. The Court finds that mailing of the class notice and the other measures specified above to locate and notify members of the class are the only notices required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

6. Class members shall have until [~~66 days from the entry of this order~~] *October 12, 2006* to opt out or object to the proposed settlement. Any class members who desire to exclude themselves from the action must file a request for exclusion with the Clerk of the Court by [~~66 days from the entry of this order~~] *October 12, 2006*. Any class members who wish to object to the settlement in writing must submit the written objection to the Clerk of the Court by [~~66 days from the entry of this order~~] *October 12, 2006*. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class. Objectors, who have filed written objections to the settlement, may also appear at the hearing and be heard on the fairness of the settlement, but are not required to do so. Any person wishing to object to the settlement in person at the fairness hearing must notify the clerk of his or her intention to do so by [~~75 days from the entry of this order~~] *October 23, 2006*.

7. Class members shall have until [~~66 days from the entry of this order~~] *October 12, 2006* to return the participation form.

DATE: 8/7/06           ENTERED: /s/ Patti B. Saris

The Honorable Patti B. Saris
United States District Court Judge

2