UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

Docket No. 05-CV-10464PBS

TIMOTHY M. BROWDER,
    Plaintiff

v.

NATIONAL FINANCIAL SYSTEMS, INC.,
    Defendant

## AGREED MOTION TO MODIFY PRELIMINARY APPROVAL ORDER

Defendant, National Financial Systems, Inc., ("NFS"), by and through its counsel, respectfully requests that the Court modify the Preliminary Approval Order entered in this matter on August 7, 2006. In support of this motion, NFS states as follows:

1.    Plaintiff Timothy M. Browder and Defendant NFS have entered into a class settlement agreement.

2.    On August 7, 2006, this Court entered an order preliminary approving the class settlement agreement entered into between Plaintiff Timothy M. Browder and Defendant NFS. *See* August 7, 2006 Preliminary Approval Order, attached hereto as Exhibit A.

3.    Under the Class Action Fairness Act, within 10 days after filing a proposed settlement in this Court, NFS was required to "serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement consisting of" certain documents including, among other things, the complaint and any amendments thereto. 28 U.S.C. § 1715(b).

1

CHI1 1235348v1

4.  Also under the Act, an "order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with the notice" described above. 28 U.S.C. § 1715(d).

5.  Through an oversight, counsel for NFS has not yet filed the materials required under 28 U.S.C. § 1715(b).

6.  NFS respectfully requests that this Court modify the dates contained on the Preliminary Approval Order entered on August 7, 2006 so that the final approval hearing is held at least 90 days after NFS has served the appropriate Federal and State officials with the necessary documents.

7.  Attached hereto as Exhibit B is a proposed Modified Preliminary Approval Order with new dates that will enable NFS to serve the appropriate materials under 28 U.S.C. § 1715(b) and hold a final approval hearing at least 90 days later as required under 28 U.S.C. § 1715(d).

8.  Pursuant to Local Rule 7.1, the undersigned counsel certifies that he conferred in good faith with counsel for Plaintiff in an attempt to resolve or narrow the issues of this motion and that Plaintiff's counsel has agreed to this motion.

WHEREFORE, National Financial Systems, Inc. respectfully requests that this Court enter an order in the form of Exhibit B to this Motion.

CHI1 1235348v1

Respectfully submitted,

NATIONAL FINANCIAL SYSTEMS INC.

By: *[signature]*
One of Its Attorneys

Steven S. Broadley, BBO #542305
POSTERNAK BLANKSTEIN & LUND LLP
Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA  02199-8004
617-973-6100

*Pro Hac Vice*
Albert E. Fowerbaugh, Jr. (6201219)
Michael G. Salemi (6279741)
LORD BISSELL & BROOK LLP
111 South Wacker Drive
Chicago, IL 60606
Tel.: (312) 443-0323 (M. Salemi)
Fax: (312) 896-6323 (M. Salemi)

Case 1:05-cv-10464-PBS   Document 53-2   Filed 08/16/2006   Page 4 of 5
Case 1:05-cv-10464-PBS   Document 52   Filed 08/07/2006   Page 1 of 2
Case 1:05-cv-10464-PBS   Document 49   Filed 08/04/2006   Page 1 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY M. BROWDER, | ) | |
| | ) | |
| Plaintiff, | ) | 1:05cv10464 |
| | ) | |
| v. | ) | Judge Saris |
| | ) | |
| NATIONAL FINANCIAL SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the motion of plaintiff Timothy M. Browder ("plaintiff") for preliminary approval of the class settlement agreement ("Agreement") between plaintiff and National Financial Systems, Inc., ("NFS"), and notice to the class, the Court being fully advised in the premises, IT IS HEREBY ORDERED:

1. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it.

2. On March 17, 2006, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certified the following class:

> (i) All natural persons with Massachusetts addresses, (ii) to whom National Financial Systems sent a letter stating "Any indebtedness of $600.00 or more may be reported to the IRS as taxable income pursuant to Internal Revenue Code 6050(p) and related federal law," (iii) on or after March 10, 2004, (iv) and prior to March 30, 2005.

There are approximately 3,504 class members according to NFS records.

3. A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by counsel for the class will be

1

Case 1:05-cv-10464-PBS    Document 53-2    Filed 08/16/2006    Page 5 of 8
Case 1:05-cv-10464-PBS    Document 52    Filed 08/07/2006    Page 2 of 2
Case 1:05-cv-10464-PBS    Document 49    Filed 08/04/2006    Page 2 of 2

held before this Court on [~~90 days from the entry of this order~~] November 9, 2006 at 2:00 a.m./p.m.

4.  The Court approves the proposed form of mailed notice to the class, to be directed to the last known address of the class members as shown on defendant's records. Defendant will mail, or cause to be mailed notice to class members on or before [~~21 days from the entry of this order~~] August 28, 2006. Any mail returned with a forwarding address will be re-mailed once. Defendant will have the notice sent by any form of bulk mail that provides address forwarding mail to each address.

5.  The Court finds that mailing of the class notice and the other measures specified above to locate and notify members of the class are the only notices required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

6.  Class members shall have until [~~66 days from the entry of this order~~] October 12, 2006 to opt out or object to the proposed settlement. Any class members who desire to exclude themselves from the action must file a request for exclusion with the Clerk of the Court by [~~66 days from the entry of this order~~] October 12, 2006. Any class members who wish to object to the settlement in writing must submit the written objection to the Clerk of the Court by [~~66 days from the entry of this order~~] October 12, 2006. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class. Objectors, who have filed written objections to the settlement, may also appear at the hearing and be heard on the fairness of the settlement, but are not required to do so. Any person wishing to object to the settlement in person at the fairness hearing must notify the clerk of his or her intention to do so by [~~75 days from the entry of this order~~] October 23, 2006.

7.  Class members shall have until [~~66 days from the entry of this order~~] October 12, 2006 to return the participation form.

DATE: 8/7/06          ENTERED: _____
                      The Honorable Patti B. Saris
                      United States District Court Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

Docket No. 05-CV-10464PBS

TIMOTHY M. BROWDER,
    Plaintiff

v.

NATIONAL FINANCIAL SYSTEMS, INC.,
    Defendant

## MODIFIED PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the motion of plaintiff Timothy M. Browder ("plaintiff") for preliminary approval of the class settlement agreement ("Agreement") between plaintiff and National Financial Systems, Inc., ("NFS"), and notice to the class, the Court being fully advised in the premises, IT IS HEREBY ORDERED:

1. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it.

2. On March 17, 2006, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certified the following class:

> (i) All natural persons with Massachusetts addresses, (ii) to whom National Financial Systems sent a letter stating "Any indebtedness of $600.00 or more may be reported to the IRS as taxable income pursuant to Internal Revenue Code 6050(p) and related federal law," (iii) on or after March 10, 2004, (iv) and prior to March 30, 2005.

There are approximately 3,504 class members according to NFS' records.

1

3. A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by counsel for the class will be held before this Court on Thursday, December 7, 2006 at 2:00 p.m.

4. The Court approves the proposed form of mailed notice to the class, to be directed to the last known address of the class members as shown on defendant's records. Defendant will mail, or cause to be mailed notice to class members on or before Monday, September 25, 2006. Any mail returned with a forwarding address will be re-mailed once. Defendant will have the notice sent by any form of bulk mail that provides address forwarding mail to each address.

5. The Court finds that mailing of the class notice and the other measures specified above to locate and notify members of the class are the only notices required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

6. Class members shall have until Thursday, November 9, 2006 to opt out or object to the proposed settlement. Any class members who desire to exclude themselves from the action must file a request for exclusion with the Clerk of the Court by Thursday, November 9, 2006. Any class members who wish to object to the settlement in writing must submit the written objection to the Clerk of the Court by Thursday, November 9, 2006. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class. Objectors, who have filed written objections to the settlement, may also appear at the hearing and be heard on the fairness of the settlement, but are not required to do so. Any person wishing to object to the settlement in person at the fairness hearing must notify the clerk of his or her intention to do so by Monday, November 20, 2006.

7.  Class members shall have until Thursday, November 9, 2006 to return the participation form.

DATE: _____          ENTERED: _____
                                            The Honorable Patti B. Saris
                                            United States District Court Judge