IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY M. BROWDER, | ) | |
| | ) | |
| Plaintiff, | ) | 1:05cv10464 |
| | ) | |
| v. | ) | Judge Saris |
| | ) | |
| NATIONAL FINANCIAL SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**FINAL APPROVAL ORDER**

This cause comes before the Court for final approval of the class-action Settlement Agreement and for dismissal of this action pursuant to the terms of the class-action Settlement Agreement, due notice having been given. On December 7, 2006, the Court held a fairness hearing to which Class members, including any with objections, were invited. The Court being fully advised in the premises, HEREBY FINDS THAT:

1. Plaintiff Timothy M. Browder ("Plaintiff") and Defendant National Financial Systems, Inc., ("NFS") have entered into a class-action Settlement Agreement ("Agreement") dated June 21, 2006.

2. On March 17, 2006 pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certified a class in this action consisting of (i) all natural persons with Massachusetts addresses, (ii) to whom National Financial Systems, Inc. sent a letter stating "Any indebtedness fo $600.00 or more may be reported to the IRS as taxable income pursuant to Internal Revenue Code 6050(p) and related federal law," (iii) on or after March 10, 2004, (iv) and prior to March 30, 2005 (the "Class").

1

3.  On August 8, 2006, this Court preliminarily approved the Class Settlement Agreement ("Agreement") reached between Plaintiff and Defendant. The Court approved a form of notice for mailing to the class. The Court is informed that actual notice was sent by first-class mail to 3,460 class members (counting couples and other joint persons as a single class member). A total of 456 envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and 21 envelopes were returned and re-mailed to a forwarding address. Two class members requested exclusion and no objections were filed or received. A total of 188 class members timely returned the proof of claim form and are therefore entitled to a share in the monetary benefits of the settlement. As of November 30, 2006, 1 late claim form was returned by class members.

4.  The Complaint in this action alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k of the ("FDCPA"). Under 15 U.S.C. § 1692k, the maximum statutory damages recoverable by an individual plaintiff is $1,000 and the maximum statutory damages recoverable by a class is the lesser of 1% of the defendant's net worth or $500,000.

5.  On December 7, 2006, the Court held a fairness hearing to which class members, including any with objections, were invited.

6.  The Court finds that the provisions for notice to the Class satisfy the requirements of Fed. R. Civ. P. 23 and due process.

7.  The Court finds that the settlement is fair and reasonable, and hereby approves the Agreement submitted by the parties, including the release and the payment by Defendant of $6,000 to those Class members who did not opt out and who returned claim forms

provided, however, that each Class member will receive their pro rata share of the settlement fund or $1,000, whichever is less to settle the claims of the Class; $1,000 to settle Plaintiff's claims, and $13,000 as attorney's fees and costs, *including attorney's fees for Mr. Lefebvre and any fees incurred in distributing the fund.*

(a)   Pursuant to the Agreement, the $6,000 class settlement fund shall be distributed by First Class, Inc., the Class Administrator, pro rata or $1,000, whichever is less, to the class members who did not opt-out and who returned claim forms. The Class Administrator shall, within 35 days of the final approval of the settlement, mail checks to Class members meeting these criteria. Any portion of the settlement fund that is unclaimed by the Class, because the settlement check was returned as undeliverable or without a forwarding address, or because the check remains uncashed 90 days after distribution, or because any funds otherwise remain after the distribution was calculated, shall be paid to the Massachusetts Bar Foundation as a *cy pres* remedy on behalf of the Class. Pursuant to the Agreement, within 150 days after effective date, First Class, Inc. shall provide the Court and Class counsel with a report regarding the unclaimed/undistributed portion of the settlement fund.

(b)   Pursuant to the Agreement Defendant shall pay $13,000 to Class counsel for attorney's fees and costs. Class counsel have submitted to the Court a detailed affidavit of their fees and expenses, including their current hourly rates and the number of hours expended in this matter. Accordingly, payment by Defendant of $13,000 to Class counsel for attorney's fees and costs is hereby approved.

8.   The Court finds the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Agreement are fair, reasonable and adequate to plaintiff and all members of the Class. In addition to the other facts

3

stated herein, the Court finds the Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

**THE COURT, BEING FULLY ADVISED IN THE PREMISES, HEREBY ORDERS:**

1. The Agreement is hereby approved.

2. Plaintiff and every member of the Class who has not timely excluded himself or herself, and each of them, shall be forever barred and enjoined from instituting or further prosecuting any action, in any forum whatsoever, including but not limited to, any state, federal, or foreign court, against Defendant, as well as its present and former affiliates, subsidiaries, insurers, clients with respect to the debt, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, successors and assigns in their individual as well as representative capacity (collectively, the "Released Parties") any causes of action, suits, claims or demands whatsoever, in law or in equity, known or unknown at this time, which Plaintiff and the Class now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, arising out of the allegations in or subject matter of the action styled *Browder v. National Financial Systems, Inc.*, 05v10464 (E.D. Mass.). Moreover, NFS shall be barred identically from pursuing any claim for relief under 15 U.S.C. § 1692k(a)(3) of the FDCPA against plaintiff or against any member of the Class arising out of the claims asserted against defendant in this action. However, the underlying debts, which Defendant was attempting to collect, via the letter at issue, are in no way affected by the Agreement, and nothing herein shall prevent defendant from continuing to attempt to collect the debts allegedly owed by plaintiff or any of the other Class members. Likewise, Class members do not release any claims they may

Case 1:05-cv-10464-PBS   Document 58-2   Filed 11/30/2006   Page 5 of 6

have against Defendant which relate to Defendant's processing of payments made to Defendant in connection with those debts, the application of those payments to Class members' accounts, or the proper reporting of those debts to credit reporting agencies.

3. Within one hundred fifty (150) days after the Effective Date, First Class Inc. shall provide the Court and Class counsel with a report regarding the unclaimed/undistributed portion of the settlement fund and shall distribute any remaining funds to the Massachusetts Bar Foundation, as a cy pres remedy.

4. The *cy pres* remedy is approved and payment shall be distributed to Massachusetts Bar Foundation.

5. The following individuals are excluded from this action and the settlement: Robin D. Sund and Katherine Batts.

6. The Court dismisses the claims of Plaintiff and the class against Defendant and the released parties with prejudice and without costs (other than what has been provided for in the Agreement).

7. The Court retains jurisdiction over the interpretation, enforcement and implementation of the Agreement and of this Order.

8. This Order resolves all claims against all parties in this action.

DATE: 12/11/06

ENTER: _____
The Honorable Patti B. Saris
United States District Court Judge